UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TY EDWARD HODGE,

               Plaintiff,

    v.

JEFFERSON COUNTY, et al.,

               Defendants.

CASE NO. C26-5089 BHS

ORDER

This matter is before the Court on defendants' Rule 12(b)(6) motion to dismiss for failure to state a plausible claim, Dkt. 13, and on pro se plaintiff Ty Edward Hodge's responsive Rule 41(a)(2) motion to voluntarily dismiss without prejudice, Dkt. 17.

Hodge alleges that on November 28, 2022, he was lawfully in Port Hadlock Washington, not committing a crime. A private owner or employee of the laundromat demanded that he leave, and called the sheriff's office. Jefferson County deputies Avery and Peterson responded and without investigating the person's claim that Hodge was verbally aggressive, forced him to leave under threat of arrest. Dkt. 1-1. He sued in Jefferson County on January 12, 2026, alleging the officers conspired to violate his constitutional rights. Dkt. 1-1at 1.

ORDER - 1

Defendants removed the case here based on the § 1983 claim. Hodge's amended complaint, Dkt. 9, asserts that the officers violated his fourth and fourteenth amendment constitutional rights.

Defendants contend that Hodge's own narrative establishes that they had probable cause to compel him to leave, and his claim that they should have investigated before compelling him to leave is without legal support. Instead, they amply demonstrate that they had no obligation to investigate why the private storeowner wanted Hodge out of his store. Dkt. 13 at 5–7 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007) (officers had probable cause to arrest a plaintiff for trespassing at a mall after being banned by the owner, granting them qualified immunity); *Brown v. Cnty. of San Bernardino*, 250 F. Supp. 3d 568, 590-91 (C.D. Cal. 2017), *aff'd sub nom.*, 745 F. App'x 53 (9th Cir. 2018) (officers had probable cause to arrest a plaintiff for trespass when the dispatch log indicated the reporting party asked the plaintiff to leave and plaintiff had remained)).

Defendants contend Hodge's equal protection claim is flawed because he has not and cannot allege that the deputies treated him differently than they did any other person, and that his *Monell* claim is fatally flawed because he has identified no unconstitutional policies or practices. Dkt. 13. The individual defendants also contend they have yet to be

ORDER - 2

served and that they are entitled to qualified immunity as a matter of law. Defendants ask the Court to dismiss all of Hodge's claims[1] with prejudice and without leave to amend.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*,

---

[1] Defendants point out that this is not Hodge's first lawsuit arising out of this incident, and indeed, it appears to be one of *five* cases he has filed in this District this year, three against Jefferson County and two against the City of Port Townsend.

ORDER - 3

550 U.S. at 555). A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id.*

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, when the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Hodges argues that he has plausibly alleged the officers violated his constitutional rights, and that it is too early to resolve the case on qualified immunity or imperfect service of process. Dkt. 15. He does not cite any case supporting the notion that qualified immunity cannot be decided on the plaintiff's version of the facts, or cite any case that would put the deputies on notice that they had to investigate the laundromat's owner's reason for removing him from the store. He also asks the Court to permit him to voluntarily dismiss his claims without prejudice in part so he can "focus on related pending matters involving overlapping facts." Dkt. 17 at 1.

Defendants oppose this request as improper in the face of their motion and ask that if the Court exercises it Rule 41(a)(2) discretion and dismisses without prejudice, that it award them fees and costs for successfully defending the case. Dkt. 19 at 2.

Defendants' motion is persuasive, and it would be unfair and prejudicial to dismiss the case without prejudice where the flaws in it are apparent and Defendants have twice

ORDER - 4

sought its dismissal. Furthermore, though Defendants do not rely on it, there is another defense that is apparent on the face of the documents in the record: Hodge's § 1983 claims are facially time-barred.

42 U.S.C. § 1983 contains no statute of limitations. Courts instead "borrow" § 1983 limitations periods from analogous state law; specifically, the state's "general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Washington, that statute is RCW 4.16.080(2), and it provides a three-year limitations period. *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). In this District, the limitations period for a § 1983 claim is three years. Hodges sued on January 12, 2026, based on an event that happened more than three years earlier, on November 28, 2022. In addition to its other deficiencies, his claim is facially and irrevocably time barred.

Defendants' motion to dismiss for failure to state a plausible claim, Dkt. 13, is **GRANTED**. Hodge's claims against them are **DISMISSED**, with prejudice and without leave to further amend. Hodges' Rule 41 motion to voluntarily dismiss without prejudice, Dkt. 17, is **DENIED** as moot.

The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 5th day of May, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5